# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAULS VALLEY HOSPITAL AUTHORITY d/b/a PAULS VALLEY GENERAL HOSPITAL,<br><br>        Plaintiff,<br><br>-vs-<br><br>NEWLIGHT HEALTHCARE, LLC, a Texas limited liability company, LTC GROUP, LLC, a Texas limited liability company, and FIRST UNITED BANK AND TRUST CO.,<br><br>        Defendants. | Case No. CIV-18-826-F |

## ORDER

This action was removed to this court by defendants, NewLight Healthcare, LLC and LTC Group, LLC, on August 26, 2018.  Doc. no. 1, Notice of Removal.  The court has an obligation to determine its own jurisdiction.  Tuck v. United Services Automobile Association, 859 F.2d 842 (10th Cir. 1988).  The notice of removal relies upon diversity jurisdiction for the basis of the court's exercise of subject matter jurisdiction.  *Id.*, ¶ 16.  The court, however, concludes that the jurisdictional allegations are insufficient to establish diversity jurisdiction (even if the citizenship of defendant, First United Bank and Trust Co., alleged to be a nominal party, is disregarded.)

The notice of removal indicates that plaintiff, Pauls Valley Hospital d/b/a Pauls Valley General Hospital, is an Oklahoma public trust.  Because plaintiff "is not a corporation, it possesses its members' citizenship."  Americold Realty Trust v.

Conagra Foods, Inc., 136 S.Ct. 1012, 1015 (2016).  The notice of removal does not identify the members of the public trust, including both trustees and beneficiaries, or provide the specific states of citizenship for each of the members.

In addition, a limited liability company "'takes the citizenship of all its members.'"  Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018) (quoting Siloam Springs Hotel, L.L.C. v. Century Sur. Co., 781 F.3d 1233, 1234 (10th Cir. 2015)). The notice of removal does not identify the members of either removing defendant limited liability company or provide the specific states of citizenship for each of the members.

Accordingly, defendants, NewLight Healthcare, LLC and LTC Group, LLC, are **DIRECTED** to file an amended notice of removal within ten business days which supplies the missing jurisdictional information regarding plaintiff and defendants.

If any member of plaintiff or defendants is a business entity, then further jurisdictional information pertaining to that member is required.  The nature of the jurisdictional information required depends on the type of entity.  *See generally* 15 James WM. Moore, Moore's Federal Practice §§ 102.50-102.57 (3d ed 2018).

If any member is an individual, then jurisdictional information regarding the individual's state of citizenship, rather than the state of residency, is required.[1] Defendants may allege jurisdictional information pertaining to plaintiff based on defendants' good faith belief.

---

[1] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Tenth Circuit, after a case has run its course in the district court, to remand the case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of litigation.

Failure of defendants to comply may result in the remand of this action to state court.

IT IS SO ORDERED this 29th day of August, 2018.

*/s/ Stephen P. Friot*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0826p001.docx