# McGuire, Craddock & Strother, P.C.

2501 N. Harwood, Suite 1800
Dallas, Texas 75201
www.mcslaw.com

Marc W. Taubenfeld
Direct: 214.954.6809
mtaubenfeld@mcslaw.com

Telephone: 214.954.6800
Telecopier: 214.954.6868

August 9, 2018

<u>Via Federal Express</u>
Pauls Valley Hospital Authority
100 Valley Drive
Pauls Valley, Oklahoma 73075
Attention: Board of Trustees

With a Copy To:
James W. Carlton Jr.
101 E. Grant Avenue P.O. Box 10
Pauls Valley, Oklahoma 73075

    Re:    **NOTICE OF MATURITY AND EVENTS OF DEFAULT, NOTICE OF TERMINATION OF RIGHT TO USE FUNDS COLLECTED FROM ACCOUNTS RECEIVABLES, AND DEMAND FOR TURNOVER OF ACCOUNTS RECEIVABLE PAYMENTS COLLECTED**

To the Board of Trustees of Pauls Valley Hospital Authority:

    This law firm, McGuire, Craddock & Strother, P.C. (the "<u>Law Firm</u>"), represents **Newlight Healthcare, LLC**, a Texas limited liability company ("<u>Lender</u>"), in connection with the matters discussed herein. Reference is hereby made to (a) that certain Promissory Note dated December 1, 2016, executed by **Pauls Valley Hospital Authority**, an Oklahoma public trust ("<u>Borrower</u>"), payable to Lender in the original principal amount of $1,050,000.00 (the "<u>Note</u>"), (b) that certain Security Agreement dated October 3, 2016 executed by Lender, Borrower, and LTC Group, LLC, a Texas limited liability company, as amended by that certain First Amendment to Security Agreement dated December 1, 2016 (the "<u>Security Agreement</u>," and collectively with the Note, the "<u>Loan Documents</u>"), and (c) that certain Management Services Agreement dated November 12, 2013 between Borrower and Lender, as amended by that certain First Amendment to Management Services Agreement dated November 29, 2016 and that certain Second Amendment to Management Services Agreement dated April 1, 2017 (the "<u>Management Services Agreement</u>," and collectively with the Loan Documents, the "<u>Transaction Documents</u>"). All capitalized terms contained and not otherwise defined herein shall have the meanings ascribed to such terms in the Transaction Documents, as applicable.

    According to the terms of the Note, the entire unpaid principal and accrued and unpaid interest owing on the Note was due and payable in full on December 1, 2017 (the "<u>Maturity Date</u>"). As of August 9, 2018, the outstanding principal balance of the Note was $800,000.00 and the outstanding amount of accrued interest and late fees on the Note were $182,465.83.

Pauls Valley Hospital Authority
August 9, 2018
Page 2

Such amounts remain unpaid as of the date of this letter. Interest continues to accrue on the outstanding principal balance as set forth in the Loan Documents. Pursuant to the Note, Lender is also entitled to recover its attorneys fees and costs incurred in pursuing collection, which amounts are in addition to the amounts indicated above.

According to Section 5.1 of the Management Agreement, the management fees owed by Borrower to Lender under the Management Agreement are due and payable on the first day of each month. As of August 9, 2018, the outstanding amount of the management fees and related fees owed by Borrower to Lender under the Management Agreement was $1,340,512.37. Such amounts remain unpaid as of the date of this letter. Additional amounts continue to accrue as set forth in the Management Agreement, including interest. Pursuant to the MSA, Lender is also entitled to recover its attorneys fees and costs incurred in pursuing collection, which amounts are in addition to the amounts indicated above.

The definition of "Event of Default" in the Security Agreement includes any "failure of [Borrower] to pay any sum due pursuant to any of the … Newlight Liabilities as and when due, whether by stated maturity, demand, acceleration or otherwise…" As of the date hereof, the failure by Borrower to pay the outstanding balance under the Note (both principal and interest owing thereunder) and the failure by Borrower to pay the outstanding compensation, accrued interest, and late fees owing under the Management Agreement each constitute an Event of Default (as defined in the Security Agreement and herein so called) (collectively, the "Existing Events of Default"). Accordingly, demand for payment of all such amounts is hereby made.

The Transaction Documents grant Lender a first priority security interest in all of Borrowers's accounts, and irrevocably appoints Lender as its true and lawful attorney-in-fact, coupled with an interest. The security interest granted by Borrower to Lender was duly perfected by the filing of a UCC financing statement with the Oklahoma Secretary of State. The Transaction Documents provide that Lender may require Borrower to have its account debtors forward all payments, or have Borrower forward any such payments collected from Borrower's account debtors, to Lender directly or to an account designated by Lender.

Accordingly, demand is made that the Borrower forward any and all payments received or collected from Borrower's account debtors directly to Lender as follows:

1. If paying by check, money order or other instrument, please mail such items to the following address:

> **Lender Mailing (and Overnight) Address**:
> Newlight Healthcare, LLC
> 3267 Bee Caves Road, Suite 517
> Austin, Texas 78746
> Attention: Chris Rutledge

All checks or other instruments should continue to be made out to the name of "Pauls Valley Hospital Authority, C/o Newlight, specifying the Account number; or

4690576v.1 5013/0002

Pauls Valley Hospital Authority
August 9, 2018
Page 3

    2.    Transfer such amounts by the ACH System or wire transfer to the following account:

> Bank of America
> ABA #: 052001633
> Account #: 446019021469
> Account Name: NewLight Healthcare

The making of payment in a manner other than as directed herein may subject you to additional liability in the event Borrower fails to satisfy its obligations under the Transaction Documents.

**PLEASE BE AWARE that, as of the date of this letter, Lender has the right to <u>immediately</u> exercise its rights and remedies under the Transaction Documents based upon the Existing Events of Default, including without limitation the right to <u>notify account debtors to make payments directly to Lender</u> and otherwise enforce the liens created by the Security Agreement. Although Lender previously refrained from exercising certain of its rights or remedies with respect to the Existing Events of Default, Lender did not waive any of such rights or remedies. Lender has now decided to exercise such rights and remedies with respect to the Existing Events of Default and any other matter that becomes an Event of Default. <u>NOTICE IS GIVEN TO DEBTOR THAT DEBTOR'S RIGHT TO USE ANY FUNDS, PROCEEDS, OR AMOUNTS RECEIVED OR COLLECTED FROM LENDER'S COLLATERAL, AND SPECIFICALLY ALL OF DEBTOR'S ACCOUNTS RECEIVABLE, IS HEREBY TERMINATED, AND DEBTOR HAS NO AUTHORITY TO USE SAME FOR ANY PURPOSE WITHOUT LENDER'S WRITTEN PERMISSION.</u> Pursuant to the demand contained herein, all such funds, proceeds or amounts received or collected from Debtor's accounts receivable are to be forwarded to Lender pursuant to the instructions contained herein.**

Lender hereby reserves all of its other available rights, powers, remedies and privileges (and its right to immediately exercise such rights, powers, remedies and privileges), with no impairment or prejudice of such powers, rights, remedies and privileges, including without limitation the right to take such steps as may be appropriate to foreclose or otherwise enforce the liens created by the Transaction Documents or reduce any claim against Borrower to judgment. No single or partial exercise of any such right, power, remedy or privilege shall preclude any other or further exercise thereof or of any other right, power, remedy or privilege, and all such rights, powers, remedies and privileges are and shall continue to be cumulative.

Nothing in this letter, nor the taking of any action or the failure to take any action by Lender, shall, by implication or otherwise, limit, impair, constitute a waiver of, or otherwise affect any of the rights, powers, remedies or privileges described above, or be construed to be a waiver or modification of, or an agreement to waive or modify, any Event of Default (including without limitation the Existing Events of Default) or any other breach or default by Borrower under any Transaction Document or otherwise. Notwithstanding any previous actions or

Pauls Valley Hospital Authority
August 9, 2018
Page 4

inactions by Lender to the contrary, you are hereby notified that Lender requires strict compliance with the terms and conditions of the Transaction Documents.

Please note that any discussions or communications by Lender with any of Borrower's representatives regarding the Transaction Documents or any Event of Default (including without limitation the Existing Events of Default) are for discussion purposes only and any such discussions or communications, or the acceptance of any amounts by Lender, shall not constitute offers, acceptances, contracts or courses of dealing and shall not modify or affect the Transaction Documents or any of Lender's rights thereunder or at law or equity.  No officer or employee of Lender, nor any agent acting on Lender's behalf, is authorized to orally commit Lender to any agreement, or to any modification of the Transaction Document or any waiver of the terms and conditions thereof.  No agreement, modification or waiver of any provision of any Transaction Document, nor consent to any departure by Borrower therefrom, shall be effective unless and until the same shall be in writing and signed by the Lender to the extent required under the applicable Transaction Document, and then any such agreement, modification or waiver shall be effective only in the specific instances and for the purpose for which given and to the extent therein specified.

Any description herein of the Transaction Documents is for Borrower's information and convenience only and shall not be deemed to limit, amplify, or modify the terms or otherwise affect the Transaction Documents.

Please contact Lender at your earliest convenience to address the matters discussed herein, either by phone (325-660-9689), email (accounts.payable@newlighthealthcare.com), or physical location (3267 Bee Caves Road, Suite 517, Austin, Texas 78746).

Respectfully,

Marc W. Taubenfeld

cc   Alliance Health
     c/o Frank T. Avignone IV and Todd Mobley

     Newlight Healthcare, LLC
     LTC Group, LLC

4690576v.1 5013/0002