# McGuire, Craddock & Strother, P.C.

2501 N. Harwood Street, Suite 1800
Dallas, Texas 75201
www.mcslaw.com

Marc W. Taubenfeld
Direct: 214.954.6809
MTaubenfeld@mcslaw.com

Telephone: 214.954.6800
Telecopier: 214.954.6868

August 10, 2018

<u>Via Federal Express</u>
Pauls Valley Hospital Authority
100 Valley Drive
Pauls Valley, Oklahoma  73075
Attention: Board of Trustees

With a Copy To:
James W. Carlton Jr.
101 E. Grant Avenue P.O. Box 10
Pauls Valley, Oklahoma 73075
Via email: james.carlton@gaclawyers.com

Re:  **DEMAND FOR FINANCIAL INFORMATION AND RECORDS ACCESS**

To the Board of Trustees of Pauls Valley Hospital Authority:

This law firm, McGuire, Craddock & Strother, P.C. (the "*Law Firm*"), represents **Newlight Healthcare, LLC**, a Texas limited liability company ("*Lender*"), in connection with the matters discussed herein.  Reference is hereby made to (a) that certain Promissory Note dated December 1, 2016, executed by **Pauls Valley Hospital Authority**, an Oklahoma public trust ("*Borrower*" or "*Debtor*"), payable to Lender in the original principal amount of $1,050,000 (the "*Note*"), (b) that certain Security Agreement dated October 3, 2016 executed by Lender, Borrower, and LTC Group, LLC, a Texas limited liability company, as amended by that certain First Amendment to Security Agreement dated December 1, 2016 (the "*Security Agreement*," and collectively with the Note, the "*Loan Documents*"), and (c) that certain Management Services Agreement dated November 12, 2013 between Borrower and Lender, as amended by that certain First Amendment to Management Services Agreement dated November 29, 2016 and that certain Second Amendment to Management Services Agreement dated April 1, 2017 (the "*Management Services Agreement*," and collectively with the Loan Documents, the "*Transaction Documents*").  All capitalized terms contained and not otherwise defined herein shall have the meanings ascribed to such terms in the Transaction Documents, as applicable.

According to the terms of the Note, the entire unpaid principal and accrued and unpaid interest owing on the Note was due and payable in full on December 1, 2017 (the "*Maturity Date*"). As of August 9, 2018, the outstanding principal balance of the Note was $800,000 and the outstanding amount of accrued interest and late fees on the Note were $182,465.83.  Such amounts remain unpaid as of the date of this letter.  Interest continues to accrue on the outstanding principal balance as set forth in the Loan Documents.  Pursuant to the Note, Lender is also entitled to recover

4691287v.1 5013/0002



its attorneys' fees and costs incurred in pursuing collection, which amounts are in addition to the amounts indicated above.

According to Section 5.1 of the Management Agreement, the management fees owed by Borrower to Lender under the Management Agreement are due and payable on the first day of each month. As of August 9, 2018, the outstanding amount of the management fees and related fees owed by Borrower to Lender under the Management Agreement was $1,340,512.37. Such amounts remain unpaid as of the date of this letter. Additional amounts continue to accrue as set forth in the Management Agreement, including interest. Pursuant to the MSA, Lender is also entitled to recover its attorneys' fees and costs incurred in pursuing collection, which amounts are in addition to the amounts indicated above.

The definition of "Event of Default" in the Security Agreement includes any "failure of [Borrower] to pay any sum due pursuant to any of the … Newlight Liabilities as and when due, whether by stated maturity, demand, acceleration or otherwise…" As of the date hereof, the failure by Borrower to pay the outstanding balance under the Note (both principal and interest owing thereunder) and the failure by Borrower to pay the outstanding compensation, accrued interest, and late fees owing under the Management Agreement each constitute an Event of Default (as defined in the Security Agreement and herein so called) (collectively, the "*Existing Events of Default*"). Lender has previously made and continues to make demand for payment of all such amounts.

Section 6.5 of the Security Agreement states as follows:

> 6.5 Maintenance of Books and Records. Debtor shall maintain complete and accurate Books and Records in accordance with generally accepted accounting principles in effect in the United States from time to time, and shall make all necessary entries therein to reflect the costs, values and locations of its Inventory and Equipment and the transactions giving rise to its Accounts and all payments, credits and adjustments thereto.

Section 5.1 of the Security Agreement states as follows:

> 5.1. Delivery of Documents; Inspection of Collateral. At any time and from time to time, upon the demand of the Secured Parties, Debtor will, at Debtor's expense: (a) immediately deliver and pledge to the Secured Parties, properly endorsed to the Secured Parties and/or accompanied by such instruments of assignment and transfer in such form and substance as the Secured Parties may request, any and all documents as the Secured Parties may specify in their demand; (b) give, execute, deliver, file, and/or record any notice, statement, instrument, assignment, document, agreement, or other papers that may be necessary or desirable, or that the Secured Parties may request, in order to create, preserve, perfect, or validate any security interest granted pursuant hereto or intended to be granted hereunder or to enable the Secured Parties to exercise or enforce their rights hereunder or with respect to such security interest; (c) keep, stamp, or otherwise mark any and all

Pauls Valley Hospital Authority
August 10, 2018
Page 3



documents and its Books and Records relating to the Collateral in such manner as the Secured Parties may reasonably require; and/or (d) *permit representatives and agents of the Secured Parties access to its premises at any time reasonably requested by the Secured Parties to inspect the Collateral and the Books and Records and to audit and make abstracts from the Books and Records*.

Lender hereby makes demand that Debtor immediately deliver to Lender the financial information and documents and/or provide the access to the records listed below:

1. Read-Only access to all deposit, checking, and other such accounts of Debtor;

2. Bank statements for the last 3 months (including transactions) and a list of transactions month to date in Excel format;

3. Last 3 month's financial statements in Excel format;

4. Detailed Accounts Receivable data that ties to the most recent financial statement in Excel format, including, but not limited to:

    (a) Information to uniquely identify the services provided to the patient (claim number, patient number/member ID, etc.)
    (b) Dates of service to the patient
    (c) Dates of remittance requests to payers
    (d) Remittance amount requested from payer
    (e) Amount of money received from payer
    (f) Amount currently outstanding from payer; and

5. Detailed Accounts Receivable data, from the date of the most recent financial statement to current, with the same subcategories of information as requested in number 4 above.

In addition, as set forth in paragraph 5.1(d) of the Security Agreement, Lender requests that Debtor permit representatives and agents of the Lender access to its premises at any time reasonably requested by the Lender to inspect its Collateral and the Books and Records (as defined in the Security Agreement) and to audit and make abstracts from the Books and Records. Representatives of Lender are available for this visit to access the financial records on **Thursday, August 16, 2018 (and Friday, August 17, 2018, if a second day is necessary)**.

Nothing in this letter, nor the taking of any action or the failure to take any action by Lender, shall, by implication or otherwise, limit, impair, constitute a waiver of, or otherwise affect any of the rights, powers, remedies or privileges described above, or be construed to be a waiver or modification of, or an agreement to waive or modify, any Event of Default (including without limitation the Existing Events of Default) or any other breach or default by Borrower under any Transaction Document or otherwise. Notwithstanding any previous actions or inactions by Lender to the contrary, you are hereby notified that Lender requires strict compliance with the terms and conditions of the Transaction Documents.

Pauls Valley Hospital Authority
August 10, 2018
Page 4



Please note that any discussions or communications by Lender with any of Borrower's representatives regarding the Transaction Documents or any Event of Default (including without limitation the Existing Events of Default) are for discussion purposes only and any such discussions or communications, or the acceptance of any amounts by Lender, shall not constitute offers, acceptances, contracts or courses of dealing and shall not modify or affect the Transaction Documents or any of Lender's rights thereunder or at law or equity.  No officer or employee of Lender, nor any agent acting on Lender's behalf, is authorized to orally commit Lender to any agreement, or to any modification of the Transaction Document or any waiver of the terms and conditions thereof.  No agreement, modification or waiver of any provision of any Transaction Document, nor consent to any departure by Borrower therefrom, shall be effective unless and until the same shall be in writing and signed by the Lender to the extent required under the applicable Transaction Document, and then any such agreement, modification or waiver shall be effective only in the specific instances and for the purpose for which given and to the extent therein specified.

Any description herein of the Transaction Documents is for Borrower's information and convenience only and shall not be deemed to limit, amplify, or modify the terms or otherwise affect the Transaction Documents.

Please contact me at your earliest convenience to address the matters discussed herein, including confirming the date or dates that Lender's representative will come to Debtor's facility to review and inspect the Collateral and the Books and Records.

Respectfully,

Marc W. Taubenfeld

cc  Alliance Health
    ℅ Frank T. Avignone IV and Todd Mobley

    Newlight Healthcare, LLC
    LTC Group, LLC

4691287v.1 5013/0002