## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) PAULS VALLEY HOSPITAL**<br>**AUTHORITY d/b/a PAULS VALLEY**<br>**GENERAL HOSPITAL,** | ) <br> ) <br> ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| v. | ) **Case No.:  CIV-18-00826-F** <br> ) |
| **(1) NEWLIGHT HEALTHCARE, LLC,**<br>   **a Texas limited liability company,**<br>**(2) LTC GROUP, LLC, a Texas limited**<br>   **Liability company, and;**<br>**(3) FIRST UNITED BANK AND TRUST CO.**<br>   **an Oklahoma Domestic Bank,** | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| **Defendants.** | ) <br> ) |

### JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:          December 3, 2018, at 11:30 a.m.

Appearing for Plaintiff:     Brett Agee

Appearing for Defendant:  Ryan Leonard (for defendants NewLight Healthcare, LLC and LTC Group, LLC)

**Jury Trial Demanded ☒ – Non-Jury Trial  ☐**

1.     **BRIEF PRELIMINARY STATEMENT**. State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

A.     <u>Plaintiff</u>:  Defendants NewLight and LTC acted as managers for plaintiff PVHA's hospital, beginning in March 2013. The defendant managers were in control of (a) receipts of the Hospital's funds, (b) paying the Hospital's creditors, including the defendant managers, and (c) the Hospital's entire accounting and billing systems. Managers' neglect and mismanagement of the Hospital and other acts and/or omissions of Defendant Managers which have caused Plaintiff to incur substantial penalties and be sued by various creditors, and which have otherwise damaged Plaintiff's financial condition. Defendant Managers have utterly failed in their performance under the Management Services

Agreement and wrongfully seized the Hospital's receivables, which caused the closure of the hospital. Plaintiff seeks to recover such damages from the defendant managers.

Defendant:  In March 2013, plaintiff Pauls Valley Hospital Authority d/b/a Pauls Valley General Hospital ("PVHA" or the "Hospital"), on the verge of financial collapse and facing imminent closure, sought Chapter 9 bankruptcy protection.  Prior to the bankruptcy filing, the Hospital was managed by St. Anthony's in Oklahoma City.  On November 12, 2013, defendant NewLight Healthcare, LLC ("NewLight"), a Texas company in the business of managing rural hospitals, entered into a Management Services Agreement ("MSA") with PVHA pursuant to which NewLight agreed to assume management and administration of the Hospital.  Following NewLight's assumption of the management of the Hospital, NewLight was praised in local press reports for its "commitment" and "generosity" to Pauls Valley, and its efforts were credited with keeping the failing hospital afloat.

In January 2016, facing a cash flow shortage, PHVA requested, and NewLight agreed, to temporarily defer payment of NewLight's monthly management fees and expenses owed by PVHA under the MSA.  In October 2016, still facing financial pressures, PVHA requested a short-term loan from NewLight in the amount of $250,000.  NewLight agreed to make the loan and, on October 3, 2016, NewLight and PVHA entered into a Security Agreement pursuant to which PVHA granted NewLight a security interest in PVHA's accounts receivable.

On December 1, 2016, PVHA expanded its request for funding from NewLight, and NewLight agreed to loan PVHA a total of $1,050,000 to help the Hospital meet its funding shortfall.  The $1,050,000 loan  is evidenced by a Promissory Note dated December 1, 2016 (the "Promissory Note").  The Promissory Note was secured by the Security Agreement dated October 3, 2016, which was subsequently amended by a "First Amendment to Security Agreement" dated December 1, 2016 (collectively referred to as the "Security Agreement").  In order to perfect the lien initially granted by PVHA in its accounts receivable, NewLight filed a UCC-1 financing statement on October 12, 2016. An amended UCC-1 financing statement was recorded by NewLight on December 28, 2016, expanding the description of the accounts receivable collateral to mirror the First Amendment to Security Agreement.  Pursuant to the terms of the Promissory Note, the entire unpaid principal and accrued and unpaid interest was due and payable on December 1, 2017.  At all times relevant to this dispute, NewLight was and is a secured creditor of PVHA with a perfected first position security interest in the Hospital's accounts receivable.

The Hospital failed to pay the Promissory Note on its maturity date of December 1, 2017.  By April 2018, with NewLight having deferred its management fees for more than two years and the financial situation of the Hospital long-since having become untenable, NewLight exercised its rights under the Security Agreement and sent a Notice of Default to

2

PVHA of its obligations under the Promissory Note and MSA, both of which were in default.  Despite PVHA's continuing default, in April 2018, NewLight agreed on a temporary basis to allow PVHA to continue to utilize its accounts receivable in order to avoid a shutdown while the Hospital sought a buyer or additional financing.  In late May 2018, PVHA informed NewLight that it was working on financing or a buy-out with Alliance Healthcare Partners Oklahoma ("Alliance"), and asked that NewLight work with Alliance on a short term basis to allow for continued use of the Hospital's accounts receivable for operations.  NewLight agreed, and the Hospital continued to use the accounts receivable (NewLight's collateral) to temporarily fund operations.

In June 2018, Alliance and PVHA still had not culminated the anticipated buy-out of NewLight's secured position.  In addition, PVHA continued to make no payments on the Promissory Note and MSA delinquencies.  As a result, on June 26, 2018, NewLight sent PVHA a further "Notice of Maturity and Events of Default, Notice of Termination of Right to Use Funds Collected From Accounts Receivables, and Demand for Turnover of Accounts Receivable Payments Collected to PVHA," reiterating the notice of default previously made on April 16, 2018, and providing PVHA notice of the termination of its right to use the accounts receivable and further demanding that all such funds be remitted to NewLight as provided by the Security Agreement.  In response, PVHA refused to comply with NewLight's notice and rights as a secured creditor, sent no payments to NewLight and in blatant contravention of the terms of the Security Agreement, did not cease use of the accounts receivable.

NewLight's management duties of the Hospital ended effective July 3, 2018.  Alliance assumed management on that date and, in conjunction with PVHA, continued to improperly utilize NewLight's secured collateral to continue operations of the Hospital.  On July 30, 2018, NewLight sent notice to Pauls Valley National Bank (PVHA's local bank) notifying the bank of PVHA's defaults and the termination of PVHA's right to use the accounts receivable which were being deposited in the bank.  NewLight further requested that the bank forward those funds to NewLight or, if the bank would not do so, hold the funds and not allow their use by PVHA.  Pauls Valley National Bank ignored this notice and refused to acknowledge NewLight's rights as a secured creditor to its collateral.

On July 31, 2018, due to PVHA's continuing and uncured defaults, NewLight sent PVHA a further "Notice Of Private Sale Of Disposition Of Collateral Pursuant To The Uniform Commercial Code-Secured Transactions" providing written notice in accordance with the Security Agreement (and applicable provisions of the UCC) that it intended to conduct a private foreclosure sale of the "collateral."  On August 8, 2018, in accordance with its rights under the Security Agreement, NewLight also sent letters to the account debtors of PVHA notifying them of NewLight's enforceable lien on PVHA's accounts receivable and the exercise of its right to have payment made directly to it.  On August 9, 2018, NewLight sent a final "Notice of Maturity and Events of Default, Notice of Termination of Right to Use Funds Collected From Accounts Receivables, and Demand

Joint Status Report and Discovery Plan

for Turnover of Accounts Receivable Payments Collected" to PVHA, reiterating the notices and demands previously made, reiterating notice of the termination of PVHA's right to use accounts receivable and proceeds covered by NewLight's lien and again demanding remittance of all such funds to NewLight. Notwithstanding NewLight's multiple notices, PVHA continued to refuse to send any payments to NewLight and PVHA, Alliance and others continued to use NewLight's collateral in violation of NewLight's contractual rights and the law. As of August 9, 2018, the amount due and owing by PVHA to NewLight in principal and interest on the Promissory Note totaled $982,465.83, and the amount due and owing under the MSA totaled $1,331,512.37, for a total combined debt owed by PVHA to NewLight of $2,313,978.20.

Faced with NewLight's lawful exercise of its rights as a secured creditor, PVHA preemptively sued NewLight on August 15, 2018, in the District Court of Garvin County, Oklahoma, alleging various uncorroborated "mismanagement" allegations for the sole purpose of thwarting NewLight's execution on its contractually-fixed and secured rights to obtain its collateral, i.e. the accounts receivable of the Hospital. In addition, in an attempt to destroy federal diversity jurisdiction and retain jurisdiction in its local Garvin County forum, PVHA also named First United Bank and Trust Co. ("First United") of Durant, OK as a defendant. First United has since filed a "disclaimer" in this action, and diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1) has been established. Simultaneous with the filing of the state court Petition, PVHA also sought and obtained from the Garvin County District Court (without notice to NewLight) a temporary restraining order ("TRO") enjoining NewLight's lawful collection activities. On August 26, 2018, NewLight removed this action to federal court, and subsequently filed a Motion to Dissolve PVHA's TRO [Doc. No. 7], as well as its own Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 12] seeking to prevent PVHA from further interfering with its collection efforts. On September 7, 2018, NewLight also filed counterclaims [Doc. No. 10] against PVHA alleging claims of breach of contract (with respect to the Promissory Note, MSA and Security Agreement) as well as unjust enrichment and conversion. On September 10, 2018, PVHA filed a Motion to Extend the state court TRO [Doc. No. 16].

Following a hearing before Judge Heaton on September 10, 2018, the Court entered an Order [Doc. No. 21] granting NewLight's Motion for TRO and denying PVHA's motion to extend its TRO. The Court further acknowledged that First United has "disclaimed any interest in the collateral at issue in this case," and held that "[a]s plaintiff has not shown any other or additional basis for claim against First United, First United appears to be 'fraudulently joined' for purposes of determining propriety of removal." *Id.*, p. 2. The Order further provides that "[t]he court concludes, for present purposes and on the present showing, that the hospital is indebted to NewLight on the note for approximately $982,000 and for deferred management fees of approximately $1,300,000." *Id.*, p. 3. In addition, the Order provides that "[the court] further concludes that the obligations of the hospital to the defendants are secured by a valid, perfected security

interest in the hospital's accounts receivable and that NewLight has given the necessary notices to invoke its collections rights." *Id.*    "PVHA is therefore in default on its obligations to NewLight and under the security agreement, and NewLight is therefore entitled to exercise its collection rights under the security documents and under the Uniform Commercial Code." *Id.*, pps. 3-4.  The Court further held that NewLight "is likely to succeed on the merits[, and] has also established irreparable harm unless the injunction is issued[.]" *Id.*, p. 4.  In granting the TRO in favor of NewLight, the Court concluded that "there is [] a substantial public interest in enforcing and protecting the legitimate expectations of parties who enter into significant commercial transaction with public entities.  Allowing the hospital to continue to utilize its receivables to the exclusion of [NewLight's] security position would, under the circumstances existing here, be tantamount to the appropriation of private property for public use without compensation." *Id.*, p. 5.  In conclusion, the Court held that "PVHA is directed to cease interference with NewLight's efforts to enforce its rights under the security agreement as to the receivables (i.e. contacting creditors and related remedies) and is further directed to provide for the depositing of receivables received by PVHA into an appropriate escrow account pending further order of the court or the agreement of all affected parties including NewLight." *Id.* at 6.

Following a subsequent hearing on NewLight's Motion for Preliminary Injunction on September 21, 2018, the Court entered an Order granting a preliminary injunction in NewLight's favor further enjoining PVHA from interfering with NewLight's efforts to enforce its security interest in PVHA's receivables, providing for continued depositing of the accounts receivable into the escrow account and provided NewLight with the option of posting a security bond in the amount of $800,000 to delete the escrow arrangement and to take immediate possession of the escrowed receivables.  *See* [Doc. No. 28], p. 2. Approximately $800,000 has been received in the escrow account to date.

2.    **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because the parties are citizens of different states. Venue is proper in this court pursuant to 28 U.S.C. §1391.

3.    **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

a.    Defendant NewLight is a Texas limited liability company.  Defendant LTC Group, LLC ("LTC Group") is a Texas limited liability company.  Plaintiff PVHA is an Oklahoma public trust.  Defendant First United Bank and Trust Co. ("First United") is an Oklahoma domestic bank headquartered in Durant, Oklahoma.  For jurisdictional purposes, First

United has filed a Notice of Disclaimer of Interest [Doc. No. 8]  in and to the personal property which is the subject of this action.

b.      NewLight and PVHA entered into the Management Services Agreement ("MSA") dated November 12, 2018, which was subsequently amended on November 29, 2016, and extended by the parties for an additional ten (10) years, or until November 30, 2026.  The MSA was further amended on April 1, 2017.

c.      Defendant LTC Group, LLC ("LTC Group") is not a named party to the MSA or its subsequent amendments.

d.      In January 2016, NewLight agreed to temporarily defer payment of the monthly management fees and expenses owed by PVHA under the MSA.

e.      On or about October 3, 2016, in conjunction with a loan from NewLight to PVHA in the amount of $250,000, the parties entered into a Security Agreement pursuant to which PVHA granted NewLight a security interest in PVHA's accounts receivable.  The Security Agreement dated October 3, 2016, was executed by PVHA, NewLight and LTC Group.  .

f.      On or about December 1, 2016, PVHA executed a Promissory Note in favor of NewLight evidencing an additional loan from NewLight to PVHA in the amount of $1,050,000.  The Promissory Note was secured by the Security Agreement dated October 3, 2016, which was subsequently amended by a "First Amendment to Security Agreement" dated December 1, 2016.

g.      In order to perfect the lien granted by PVHA in the Security Agreement, NewLight filed a UCC-1 financing statement on or about October 12, 2016.  An amended UCC-1 financing statement was recorded by NewLight on December 28, 2016.  Pursuant to the terms of the Promissory Note, the entire unpaid principal and accrued and unpaid interest was due and payable on December 1, 2017.

h.      PVHA has not paid all of the payments called for by the Promissory Note.

4.      **CONTENTIONS  AND  CLAIMS  FOR  DAMAGES  OR  OTHER  RELIEF SOUGHT**.

    a.      Plaintiff:      Plaintiff seeks:
        a. A temporary restraining order, a temporary injunction and a permanent injunction (1) prohibiting Defendant Managers from proceeding with any seizure and sale of the Hospital Assets and ordering them to immediately remit to the Hospital any of the Hospital Assets received by them from the Hospital's payors, and (2) directing the Defendant Managers to notify the

Joint Status Report and Discovery Plan

Hospital's payors to disregard the letters sent to them from the Defendant Managers;

   b. An accounting from the Defendant Managers as to all amounts alleged to be owed by Plaintiff to Defendant under the Contracts or in any other manner showing application of all payments made by Plaintiff to Defendant since the commencement of the Contracts;

   c. Declaratory Judgment as to the amount the court finds may be owing from one party to another;

   d. A determination of the extent and priorities of the parties' interests in the Hospital Assets;

   e. Attorney fees and costs as may be allowed by law or contract; and

   f. Such further legal and/or equitable relief as this court finds appropriate.

   g. all available damages resulting from the defendant managers' mismanagement and wrongful seizure of plaintiff's receivables.


   b.   <u>Defendant</u>:  As of August 9, 2018, PVHA is indebted to NewLight in the amount of $982,465.83 in unpaid principal and interest on the Promissory Note, and is indebted to NewLight in the amount of $1,331,512.37 under the MSA.  In addition, as a result of PVHA's breach of the MSA, PVHA is contractually liable to NewLight in an additional amount of $3,460,000.

## 5.   **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. §2403 or Fed. R. Civ. P. 51?

        ☐ Yes  ☒ No

## 6.   **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

a. Plaintiff:   None known at this time.

b. Defendant:  Defendant NewLight anticipates filing a motion for partial summary judgment on the issues of PVHA's breach of the Promissory Note, breach of the MSA and breach of the Security Agreement.  Defendant NewLight will also likely seek leave to assert claims against and join additional third party defendants.  Defendant LTC Group anticipates filing a motion for summary judgment on the grounds that it is not liable to PVHA for its allegations of mismanagement.

Joint Status Report and Discovery Plan

7.   **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?        ☒ Yes        ☐ No

If "no", by what date will they be made?

8.   **PLAN FOR DISCOVERY**.

A.   The discovery planning conference (Fed. R. Civ. R. 26(f)) was conducted on October 24, 2018.

B.   The parties recommend a period of 9 months for discovery.

C.   In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 7 months

D.   Have the parties discussed issues relating to disclosure or discovery of the electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?  Yes.

E.   Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

☒ Yes        ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. Rules of Evid. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

The parties have agreed that the following documents need not be either produced or identified in a privilege log, even if responsive to a discovery request: (1) any communications between parties and their counsel representing them in this case occurring on or after the date suit was filed, and (2) any communications between counsel in this case and other attorneys or support staff with whom they may consult or otherwise work with in the course of this litigation.

F.   Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

    a.      Plaintiff:     N/A

    b.      Defendant:  N/A

9.    **ESTIMATED TRIAL TIME:** 5 days

10.    **BIFURCATION REQUESTED**: ☐ Yes      ☒ No

11.    **POSSIBILITY OF SETTLEMENT**:   ☐ Good    ☒ Fair    ☐ Poor

12.    **SETTLEMENT AND ADR PROCEDURE:**

    A.    Compliance with LCvR 16.1(a)(1) – ADR discussion: Yes

    B.    The parties request that this case be referred to the following ADR process:

        Court–Ordered Mediation subject to LCvR 16.3
        ☐ Judicial Settlement Conference
        ☐ Other _____
        ☒ None – the parties do not request ADR at this time.

13.    Parties consent to trial by Magistrate Judge? ☐ Yes    ☒ No

14.    <u>Type of Scheduling Order Requested</u>. ☒ Standard    ☐Specialized
(If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

    Submitted this November 29, 2018.

Respectfully submitted,


S/  Brett Agee
Brett Agee, OBA #12547
Garvin Agee Carlton, PC
P.O. Box 10
Pauls Valley, Oklahoma 73075
brett.agee@gaclawyers.com
ATTORNEYS FOR PLAINTIFF
PAULS VALLEY HOSPITAL AUTHORITY
d/b/a PAULS VALLEY GENERAL
HOSPITAL

-and-


S/ Ryan Leonard
Ryan Leonard, OBA #19155
EDINGER, LEONARD & BLAKLEY, PLLC
100 Park Ave., Suite 500
Oklahoma City, OK 73102
Telephone: 405-702-9900
Facsimile: 405-605-8381
Email: rleonard@elbattorneys.com
ATTORNEYS FOR DEFENDANTS
NEWLIGHT HEALTHCARE, LLC AND LTC
GROUP, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Brett Agee, Esq.
Garvin Agee Carlton, PC
P.O. Box 10
Pauls Valley, Oklahoma 73075
brett.agee@gaclawyers.com

Ryan Leonard
Edinger, Leonard & Blakley, PLLC
100 Park Avenue, Suite 500
Oklahoma City, OK  73102
rleonard@leonard-law.net

Heather Hillburn Burrage
Burrage Law Firm
1201 Westside Drive
P.O. Box 1727
Durant, OK  74702-1727
hburrage@burragelaw.com


S/ Brett Agee
Brett Agee